## S11Y1417. IN THE MATTER OF TARA SUSANN WOFFORD.

(716 SE2d 219)

PER CURIAM.

This matter is before the Court on the report and recommendation of the special master, Ethel D. Anderson, based on the Petition for Voluntary Discipline filed by Respondent Tara Susann Wofford (State Bar No. 773004) after the filing of a formal complaint against her regarding one grievance and prior to the filing of formal complaints in two other grievances. In her petition Ms. Wofford admits to violating Rules 1.1, 1.3, 5.3 and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Ms. Wofford seeks a one- to three-year suspension commencing nunc pro tunc to June 2009, with conditions. The State Bar recommends the Court accept the petition, and the special master recommends that the Court impose a three-year suspension nunc pro tunc to June 2009 with readmission contingent upon the finding by a licensed clinical social worker that Ms. Wofford is not impaired and is competent to practice law, and the finding by the Review Panel that she is competent to practice law. The maximum punishment for violating Rules 1.1, 1.3 and 5.3 is disbarment, and the maximum punishment for violating Rule 9.3 is a public reprimand.

In her petition Ms. Wofford admits that in two of the matters her firm was hired to represent clients in a personal injury and an automobile collision case. The clients met with a non-lawyer representative of the firm. Ms. Wofford admits that someone purporting to be her or operating under her direction settled the clients' claims without their approval and the clients did not receive any portion of the settlement funds. In the third matter a client also hired Ms. Wofford's firm to represent her in an automobile collision case, and the client met with a non-lawyer representative of the firm. The client agreed to a settlement with the understanding that a portion of the proceeds would be paid to her chiropractor; the client received her money, but the chiropractor did not. Ms. Wofford states that she never met with, spoke with, worked for or had any interchange with these three clients. She states she did not participate in any settlement of their claims and did not arrange for the settlement. Ms. Wofford did not receive any of the settlement funds. Ms. Wofford states that she did not open the account at RBC Bank in her firm's name in which some of the funds were placed and was unaware of its existence. Ms. Wofford worked for a short while after law school and then stayed home with her child. She subsequently opened a solo practice and hired Tommy Ly to act as an office manager and interpreter, and allowed him to direct all advertising and marketing for the firm. Two years later, she decided to close her firm and placed her trust in Ly and others to handle the closing appropriately. She

moved to Florida believing that all of her files and business records had been placed in storage. She terminated all firm employees and instructed Ly to close all bank accounts, cancel advertisements and forward her mail to Florida.

Ms. Wofford admits that she failed to timely respond to the first grievance and subsequent Notice of Investigation, and initially submitted misleading information to the State Bar regarding the same. She admits that she mishandled the closing of her law firm and that this mismanagement contributed to the misconduct of third parties and to the losses suffered by her clients. She contends she was unaware of the problems giving rise to the grievances and that Ly or someone else assumed her identity and purported to act under her authority. She states that her subsequent attempts to prevent someone from operating her former firm led her to fear for her safety and the safety of her family. Ms. Wofford admits that she failed to inform her clients that she was closing her law practice and also failed to inform third parties (i.e., hospitals, insurance companies, doctors and other creditors). She failed to ensure that her former clients received their files and that her trust and operating accounts were closed properly.

The special master found that Ms. Wofford's admitted conduct violated Rules 1.1, 1.3, 5.3 and 9.3. In aggravation of discipline the special master found that Ms. Wofford initially displayed a bad faith obstruction of the disciplinary proceedings by failing to respond to the Notice of Investigation and by submitting letters falsely suggesting that she had located the clients' files and that someone was addressing their concerns. In mitigation of discipline the special master found that Ms. Wofford has no prior disciplinary record, had no dishonest or selfish motive, was relatively inexperienced in the practice of law, expressed remorse, did not profit or intend to profit from the grieving parties, has been in fear for her safety and her family's safety, and ceased practicing law in June 2009.

We have reviewed the record and balanced the aggravating and mitigating factors. We conclude that a three-year suspension is the appropriate sanction in this matter. Accordingly, we hereby order that Tara Susann Wofford be suspended from the practice of law in Georgia for a period of three years, nunc pro tunc to June 2009. Reinstatement is conditioned upon the finding by a licensed clinical social worker that Ms. Wofford is not impaired and is competent to practice law, and a finding by the Review Panel that Ms. Wofford is competent to practice law. Ms. Wofford is reminded of her duties under Bar Rule 4-219 (c).

*Three-year suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.